BYRD *v.* EATMAN.

4-9066                                        226 S. W. 2d 356

Opinion delivered January 30, 1950.

*Willis & Walker,* for appellant.

*Ernie E. Wright,* for appellee.

LEFLAR, J.   Appellants sued to rescind a contract under which they had undertaken to purchase from defendants certain city lots in Mountain Home for $3,500. The ground relied upon for rescission was that the deed executed by defendants under the contract actually conveyed to plaintiffs only 139,568 square feet of land whereas the contract contemplated transfer of lots containing 187,577.5 square feet, a shortage in square footage of 48,009.5, representing slightly more than one-fourth in area of the lots. In Chancery Court the plaintiffs' bill for rescission was denied and dismissed, and they appeal.

It appears that the vacant city lots which appellees undertook to sell to plaintiffs actually were as large as they were represented to be, but that the deed may not have conveyed all of the area covered by the lots. The deed employed the description of the lots which was used on the plat filed in the Courthouse, describing them by

their numbers—"lots numbered 17, 18, 19, 20, 21, 22, 29, 30, 31, 32, 33, 34, 41, 42 and 43 in College Heights Addition to the Town of Mountain Home,. Ark., as shown by the recorded plat thereof." Then followed the inaccurate language, both in the deed and in the plat: "The same being a part of the W½ SE¼ SW¼ of Sec. 4, Twp. 19 North, Range 13 West." Actually, the major part of the lots (apparently 139,568 sq. ft.) as they were laid off on the face of the earth was as described in the deed, in the southeast quarter of the southwest quarter of section 4, but another part along the west edge of lots 19, 20, 31, 32 and 43 (apparently 48,009.5 sq. ft.) was in the adjoining forty acres, the southwest quarter of the southwest quarter of section 4. Possibly a small part of the difference in square footage may have been in some roads or alleys at the edge of the land, rather than in the adjoining forty acres, but if so it does not affect the result here. The main dispute arises from the fact that more than one-fourth in size of the lots as they lie physically is in an area other than that referred to in the deed and plat descriptions.

The evidence indicated that the sellers had been in possession of the physical area covered by the lots, both in the southeast quarter of the southwest quarter, and in the adjoining quarter of a quarter-section on the west, since they acquired the lots by deed from one Morton in 1929, more than 19 years before the sale to appellants. The Morton deed contained the same inaccuracy in description as does the deed to appellants. Whether appellees acquired title by adverse possession during this 19 years we do not now decide. We now decide only that the contract between the present parties contemplated conveyance by appellees to appellants of the whole of the lots in question, including the portion which in fact lies in the adjoining forty acres, and that on this basis there is no substantial shortage, and perhaps no shortage at all, in the area of the lots sold.

We expressly point out that this determination does not prejudice in any respect appellants' possible right to

secure a reformation of appellees' deed to make it describe the lots accurately, nor does it prejudice any right that appellants may have to sue for breach of the covenant of warranty contained in appellees' deed if appellees should be ousted from the part of the lots which lie in the adjoining quarter of a quarter-section, or any other part of the lots, by reason of superior title in another.

With this understanding, the decree of the Chancery Court is affirmed.